**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MALIK MAKKALI a.k.a. GARY CLOIRD** **PETITIONER**

**VS.** **CASE NO. 5:13CV00358 DPM/HDY**

**RAY HOBBS, Director of the Arkansas Department of Correction** **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Malik Makkali (also known as Gary Cloird), who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Makkali was convicted of rape and theft of property following a 1992 jury trial in Jefferson County. He was sentenced to a total of thirty-five years' imprisonment. He pursued a direct appeal and filed a Rule 37 petition, as well as state habeas corpus actions, in state court. He also has filed previous federal habeas corpus petitions. (Case nos. 5:95cv550 and 5:13cv201).

This petition raises one claim for relief – the Parole Board illegally denied the petitioner his parole hearings in June of 2012 and June of 2013. For relief, the petitioner asks the Court to order the Parole Board Chairman, John Felts, to grant the petitioner his parole hearings.

The respondent contends the petition should be dismissed for a number of reasons. We agree with the respondent that the petition should be dismissed because it does not advance a claim which is cognizable under 28 U.S.C. §2254. The Eighth Circuit Court of Appeals discussed the parameters of habeas corpus jurisdiction in *Otey v. Hopkins,* 5 F.3rd 1125 (8th Cir. 1993):

> The jurisdiction granted federal courts under § 2254 to review a state prisoner's claim is limited. Federal courts have jurisdiction to "entertain an application for a writ of habeas corpus ... only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254; *see Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). "The court does not review a judgment, but the lawfulness of the petitioner's custody...." *Coleman,* 501 U.S. at

> ——, 111 S.Ct. at 2554; *see also Hill v. Wyrick*, 570 F.2d 748, 750 (8th Cir.) (holding the petitioner must allege facts in the petition indicating that the custody is illegal), *cert. denied*, 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978). The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973).
>
> When a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action. *See id.* at 486, 93 S.Ct. at 1834 (stating traditional scope of petitions for habeas corpus is that petitioner is being unlawfully subjected to physical restraint and citing examples); *Offet v. Solem*, 823 F.2d 1256, 1257 (8th Cir.1987) (stating that to the extent a petitioner is directly attacking the length of confinement, the proper vehicle for a claim is a petition for a writ of habeas corpus). To determine whether Otey properly brought his claims under § 2254 as a petition for a writ of habeas corpus, then, we must consider what Otey is alleging, what relief he is seeking, and whether that relief is available through a petition for a writ of habeas corpus.

5 F.3rd at 1130.

As in the *Otey* case, we must consider what Mr. Makkali is alleging, what relief he is seeking, and whether that relief is available via habeas corpus. It is apparent from his petition that he is alleging a denial of his parole hearings and not attacking the validity of his conviction. For relief, he desires the award of parole hearings. Petition, page 6. Such an award of relief will not affect the validity of his sentence. As a result, we find the petitioner erred in filing a federal habeas corpus petition and we recommend that this case be dismissed without prejudice to the petitioner seeking relief pursuant to other avenues, such as 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). There is no jurisdiction for consideration of the claim advanced by Mr. Makkali.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this _28__ day of January, 2014.

UNITED STATES MAGISTRATE JUDGE